## E. V. SECURITIES CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49229.   Promulgated August 8, 1933.

*Harry J. Rudick, Esq.,* for the petitioner.
*Arthur Clark, Esq.,* for the respondent.

### OPINION.

VAN FOSSAN: This proceeding was brought to redetermine a deficiency in the income tax of the petitioner for the year 1928 in the sum of $751. The petitioner also claims a refund of $1,158.17 with interest.

The petitioner alleges that the respondent erred in determining that the petitioner realized a taxable profit of $30,329.56 on the sale of 5,655 rights to subscribe to the common stock of the Commercial Investment Trust Corporation, instead of the taxable profit of $17,419.75, as claimed.

The petitioner was organized on October 26, 1923, with a capital stock of 1,500 shares of the par value of $100 per share, for the purpose of holding stock of the Commercial Investment Trust Incorporated (hereinafter called the Trust Incorporated) owned by Edwin C. Vogel, the petitioner's president. During the taxable year there were issued and outstanding a total of 1,400 shares of petitioner's stock. On October 30, 1923, Vogel owned 600 shares of class B stock of the Trust Incorporated which had cost him $39,686.34 and owned also rights to subscribe for 491 shares of the capital stock of that corporation at par. On that day he acquired 500 shares of the petitioner's stock, paying therefor $50,000 in cash. He also agreed with the petitioner to transfer to it 600 shares of the common stock of the Trust Incorporated in exchange for 900 shares of the petitioner's capital stock, and to transfer to it his rights to subscribe for 491 shares of the Trust Incorporated stock at its par value.

The exchange was completed and immediately thereafter Vogel owned all of the petitioner's outstanding stock. On December 11, 1923, the petitioner exercised its option or right to purchase for cash the 491 shares of class B stock of the Trust Incorporated at par.

Shortly after October 30, 1923, the Trust Incorporated was reorganized by the formation of a new corporation called the Investment

Trust Corporation (hereinafter called the Trust Corporation) for whose stock the stockholders of the Trust Incorporated exchanged their stock on the basis of five to one for the old shares held. The petitioner, therefore, received 5,455 shares in the new corporation. On December 30, 1925, as the owner of such shares, the petitioner received 5,455 " rights " to subscribe to 1,091 shares of additional common stock of the Trust Corporation at $60 per share. In 1926 the petitioner sold 4,455 of such rights and exercised its option as to the remaining 1,000 rights by purchasing 200 shares of the Trust Corporation.

On November 12, 1928, the petitioner (then being the owner of 5,655 shares of the common stock of the Trust Corporation) received rights to subscribe to additional common stock thereof at the ratio of one to four at $95 per share. In 1928 the petitioner sold those rights for $35,639.98 and reported a profit thereon of $27,071.17. The respondent determined the profit to be $30,329.56.

Upon the reorganization of the Trust Incorporated into the Trust Corporation a substantial portion of the new stock was held by the public. Prior thereto the stock was closely held. During the latter part of January 1924, the common stock of the Trust Corporation was traded in on the market at prices ranging from $33.75 to $36.50 per share.

In computing the cost of the stock rights sold by the petitioner in 1928, the values of stock and rights on December 20, 1925, and November 12, 1928, and the percentages of cost applicable to the said stock and rights on those dates, as shown by the deficiency letter, are stipulated to be correct.

The petitioner's contention is twofold:

(1) As to the rights received by it with respect to the stock acquired by it in exchange for its own stock, the cost thereof is the cost to the petitioner and not the cost to the transferor.

(2) As to the rights derived from the exercise of rights transferred to the petitioner by Vogel, the proper cost basis is the subscription price of the stock plus the value of such rights.

The respondent contends that the correct basis for computing profit on the rights derived from both the stock and the rights is the cost thereof to the transferor, Vogel, and asserts that the transaction is governed by the provisions of section 113 (a) (8) of the Revenue Act of 1928.

That section is as follows:

(a) *Property acquired after February 28, 1913.*—The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

\* \* \* \* \* \* \*

(8) SAME—CORPORATION CONTROLLED BY TRANSFEROR.—If the property was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in section 112 (b) (5) (including, also cases where part of the consideration for the transfer of such property to the corporation was property or money, in addition to such stock or securities), then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

Section 112, subsections (a) and (b) (5), provides as follows:

(a) *General rule.*—Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section.

(b) *Exchanges solely in kind.*—

\*  \*  \*  \*  \*  \*

(5) TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR.—No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

The case at bar patently comes within the exception of the above section 113 (a) (8). After the transaction of exchange above described in which Vogel acquired 900 shares of the petitioner's capital stock he owned the entire outstanding issue of stock and was in absolute control of the petitioner corporation. Thereafter petitioner owned 600 shares of stock in the Trust Incorporated and 491 rights in the same corporation.

From a consideration of the entire record we are of the opinion that the transfer to petitioner of the stock and of the rights by Vogel constituted a single unified transaction and that the rights were part of the consideration involved. Such being our conclusion, it follows that the basis for determining gain on the sale of the rights by petitioner is the same as that of the transferor. Having cost Vogel nothing, the entire sum received from the sale of the rights is profit.

The petitioner asserts that the rights sold in 1928 were not acquired in the manner specified in the exceptions enumerated in the subsections of section 113 and that, therefore, those subsections are inapplicable. We see no merit in this contention. All rights sold were issued to the petitioner by virtue of its ownership of the Trust Incorporated or Trust Corporation stock. The reorganization of the Trust Incorporated under a new name or the increase of the capital stock did not alter or destroy the petitioner's original proportionate

 917

interest in those corporations as represented by the common stock held by it. Only the form of the evidence of ownership was changed. Such transformation did not affect the character of the property exchanged by Vogel nor did it disturb the cost to him of his stock interest in the petitioner as measured by the cost of such property. The right to purchase additional stock of the Trust Corporation was inherent in the stock and remained so during the period above set forth. It is obvious that in computing a gain on the sale of the petitioner's stock in the Trust Corporation issued in lieu of its original holdings in the Trust Incorporated, the proper basis is the cost of such original stock to Vogel. Likewise, in arriving at the profit accruing from the sale of the rights which were derived and emanated from the original stock, the cost of such stock must be the basis of computation.

Reviewed by the Board.

*Decision will be entered for the respondent.*